**In re FIRST HARTFORD CORPORA-
TION, d/b/a Wyandotte
Mills, Debtor.**

**Bankruptcy No. 81 B 10390 (EJR).**

United States Bankruptcy Court,
S.D. New York

Feb. 15, 1985.

See also, Bkrtcy., 10 B.R. 986 and Bkrtcy., 23 B.R. 729.

Ballon, Stoll & Itzler, New York City, for debtor.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for Crocker Commercial Services, Inc.

### DECISION ON APPLICATION TO REVOKE ORDER OF CONFIRMATION

EDWARD J. RYAN, Bankruptcy Judge.

On February 1, 1981 the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code (the Code). An order confirming the Debtor's Second Amended Plan was signed by the Court on April 18, 1984.

Prior to the filing of the Chapter 11 petition, the debtor's predecessor in interest entered into a factoring agreement with Crocker Commercial Services, Inc. (Crocker), predecessor in interest, pursuant to which Crocker agreed to purchase certain accounts of the debtor on the terms and conditions provided in said agreement as amended. Pursuant to the factoring agreement, as amended, the debtor granted to Crocker a security interest in all accounts and the proceeds thereof, which security interest was duly perfected.

At various times prior to the filing of the Chapter 11 petition, Crocker made loans to the debtor and purchased certain accounts. Crocker filed an amended proof of claim in this case on February 17, 1982, in the amount of $1,372,220 (the Crocker Claim) representing the aggregate amount of unpaid loans and charge backs under the said factoring agreement.

The debtor thereafter filed a motion, dated December 7, 1982, objecting to the Crocker Claim and seeking to reduce it to the sum of $723,271.63.

The Crocker Claim was settled on June 6, 1983 by a written Stipulation of that date, and by a further oral stipulation before the court on the same day. In order to effectuate a change of the date by which First Hartford's payment to Crocker under the Plan was to be made, the parties entered into a further written stipulation, dated October 23, 1983.

The settlement of the Crocker Claim included the reduction of the Crocker Claim to $1,050,000 and the allowance of that claim in the reduced amount, an exchange of certain releases, the reassignment by Crocker to First Hartford of all outstanding accounts receivable of First Hartford, which First Hartford had previously assigned to Crocker or in which Crocker maintained a security interest, and a repre-

sentation by Crocker to First Hartford that since the commencement of the above captioned bankruptcy proceeding, Crocker had not effected collection of any of the accounts receivable being reassigned to First Hartford and that only one outstanding account receivable had been placed for collection.

Crocker moves for an order "(a) revoking the order confirming the Second Amended Plan of Reorganization (the 'Plan') of the Debtor, (b) revoking the discharge of the Debtor, and (c) converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code unless the Debtor makes payment to Crocker in a sum equal to (i) 15% of the amount of Crocker's claim, as reduced and allowed, as provided in the Plan, (ii) interest on said amount at the statutory rate running from the confirmation date of the Plan to the date of payment, and (iii) the costs and expenses, including reasonable attorneys' fees, incurred by Crocker in seeking to obtain payment of its claim under the Plan and bringing on this motion."

There is no question that due to the reorganization process a dispute arose between Crocker and the debtor as to the delivery of backup documentation by Crocker to the debtor in connection with the reassignment of certain accounts receivable. As a result of this controversy, there is an additional dispute concerning the amount due to Crocker under the Plan.

Crocker relies upon the provisions of 11 U.S.C. § 1144 which authorizes the court to revoke an order of confirmation if such order was procured by fraud.

The parties have failed to show the court why it should enter into a controversy resolved by a settlement which included agreement as to the fixed sum due and owing to Crocker. If the debtor was misled or defrauded, it may have claims against Crocker in some other forum. It is too late in this court to undertake to litigate the matters which are sought to be presented to the court.

Crocker's remedy is to seek the issuance of a writ of execution on the order of confirmation which constitutes a judgment of this court.

Revocation of the order of confirmation with its obvious drastic consequences is not appropriate in this case.

Settle an appropriate order.